IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 13 |
| ERVIN FRANK LAYER | § | |
| Debtor(s) | § | Case No. 19-41969 |

## CREDITOR'S RESPONSE TO MOTION TO ALTER OR AMEND JUDGMENT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now, Bayview Loan Servicing, LLC (hereinafter "Creditor") in the above styled and numbered cause and files this its Response to Debtor's Motion ("Motion") to Alter or Amend Judgment, and in support hereof would respectfully show unto the Court as follows:

### I. Specific Responses

1. The allegations set forth in paragraph 1 of Debtor's Motion is a statement of law to which no response is required.

2. Creditor admits the allegation set forth in sentence 1 of paragraph 2 of the Debtor's Motion. The allegations set forth in sentence 2 of paragraph 2 of the Debtor's Motion do not require a response.

3. The allegations set forth in paragraph 3 of the Debtor's Motion are facts shown on the docket in this case. The docket speaks for itself, and no further answer is required. To the extent an answer is required, Creditor admits the allegations.

4. The allegations set forth in paragraphs 4-6 of the Debtor's Motion are facts shown on the docket in this case. The docket speaks for itself, and no further answer is required. To the extent an answer is required, Creditor admits the allegations.

5. The allegations set forth in paragraph 7 of the Debtor's Motion are facts shown from the *Instructions for Mortgage Proof of Claim Attachment*. The Instructions speak for themselves, and no further answer is required. To the extent an answer is required, Creditor admits the allegations.

6. Creditor admits sentence 1 of Paragraph 8 but further clarifies that the "Escrow Balance" is adjusted in a positive or negative direction depending on whether are funds are being applied or subtracted from the balance. The allegations set forth in sentence 2 of paragraph 8 of the Debtor's Motion are facts shown on the docket in this case. The docket speaks for itself, and no further answer is required. To the extent an answer is required, Creditor admits the allegations.

7. The allegations set forth in paragraph 9 of Debtor's Motion do not require a response. To the extent a response is required, Creditor denies and states further Debtor's calculations are hypothetical in nature.

8. The allegations set forth in paragraphs 10-11 of the Debtor's Motion are facts shown on the docket in this case and were plead previously in the Debtor's *Objection to Proof of Claim # 8 filed by Bayview Loan Servicing, LLC* ("the Objection"). The Objection speaks for itself, and no further answer is required. To the extent an answer is required, Creditor denies the allegations.

9. Creditor denies the allegations in Paragraph 12 of the Debtor's Motion.

10. The allegations set forth in paragraph 13 of the Debtor's Motion are facts shown on the docket in this case and were plead previously in the Debtor's *Objection to Proof of Claim # 8 filed by Bayview Loan Servicing, LLC* ("the Objection"). The Objection speaks for

Page **2** of **8**
19-000098-872-3

itself, and no further answer is required. To the extent an answer is required, Creditor admits the allegations.

11. The allegations set forth in paragraph 14 of the Debtor's Motion are facts shown from the *Instructions for Mortgage Proof of Claim Attachment*. The Instructions speak for themselves, and no further answer is required. To the extent an answer is required, Creditor admits the allegations.

12. Creditor admits the allegations set forth in paragraph 15 of the Debtor's Motion but clarifies the advances are not alleged but have actually been incurred.

13. Creditor admits the allegations set forth in paragraph 16 of the Debtor's Motion but clarifies the beginning balance is the aggregate starting balance based on previous transactions and is not the result of one advance or transaction.

14. Creditor denies the allegations in paragraphs 17-18 of the Debtor's Motion.

15. Creditor admits the allegations set forth in sentences 1-2 of paragraph 19 of the Debtor's Motion but denies the allegations in sentence 3 of paragraph 19.

16. The allegations set forth in paragraph 20 of the Debtor's Motion are facts shown on the docket in this case and were plead previously in the Debtor's *Objection to Proof of Claim # 8 filed by Bayview Loan Servicing, LLC* ("the Objection"). The Objection speaks for itself, and no further answer is required. To the extent an answer is required, Creditor admits the allegations.

17. Creditor denies the allegations in paragraphs 21-22 of the Debtor's Motion.

18. The allegations set forth in paragraphs 23-24 of the Debtor's Motion are facts shown on the docket in this case. The docket speaks for itself, and no further answer is required. To the extent an answer is required, Creditor admits the allegations.

19. Creditor denies the allegations in paragraph 25 of the Debtor's Motion.

## II. Legal Authorities and Discussion

1. Though the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, if a motion for reconsideration is filed within 14 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Stangel v. United States of America (In re Stangel)*, 68 F.3d 857 (5th Cir. 1995).

2. Federal Rule of Bankruptcy Procedure 9023 provides that Federal Rule of Civil Procedure 59 applies in bankruptcy cases under the Bankruptcy Code. *See* Fed. R. Bankr. P. 9023. A post-judgment motion for reconsideration or rehearing is generally considered a Rule 59(e) motion to alter or amend if it challenges the correctness of the judgment.

3. A motion to alter or amend a judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Altman Nursing*, 299 B.R. 813 (Bankr. N.D. Tex. 2003), *citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003). "Manifest error" is typically defined as "[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmis-

takable, indubitable, indisputable, evidence, and self-evidence." *In re Energy Partners, Ltd.*, 2009 Bankr. LEXIS 2952 (Bankr. S.D. Tex. 2009), *citing In re Good,* No. 08-40955, 413 B.R. 552, 2009 Bankr. LEXIS 958, 2009 WL 1024651, at *5 (Bankr. E.D. Tex. Apr. 13, 2009) (quoting *Bank One, Tex., N.A. v. F.D.I.C.,* 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998)). Black's Law Dictionary defines manifest error as "plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 653 (7th ed. 1999).

**A. Debtor's Motion should be denied because it has not provided a manifest error of law or fact in support of its request for relief.**

4. The rulings of a bankruptcy court are not intended as mere first drafts, subject to and reconsideration at a litigant's pleasure. *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (determining that a motion to reconsider two conclusions drawn in an opinion reflected "a fundamental misunderstanding of the limited appropriateness of motions for reconsideration"). Rather, "litigants are expected to present their strongest case when the matter is first considered." *See Louisiana v. Sprint. Commc'ns. Co.*, 899 F. Supp. 282, 284 (M.D.La. 1995) (stating "[a] motion to reconsider based on recycled arguments only serves to waste the resources of the court.") (citing *Fernandez v. Bankers Nat. Life. Ins. Co.*, 906 F.2d 559 (11th Cir. 1990)). *In re Garrett-Beck Corp.*, 2012 Bankr. LEXIS 3911, *3-4, 2012 WL 3727318.

5. Stated succinctly for purposes of the Debtor's Motion, Debtor has not asserted anything that could be even remotely construed as a manifest error of law or fact or newly discovered evidence to give any basis for a Rule 59(e) motion.

6. Instead, Debtor's Motion recycles arguments this Court already rejected, which include but are not limited to: 1.) the escrow deficiency for funds advanced, 2.) the prima facie validity given to Creditor's Claim, and 3.) the prepetition fees due. Creditor's Motion also states this Court erred in entering the *Order Overruling Debtor's Objection to Proof of Claim # 8 filed by Bayview Loan Servicing, LLC*.

7. Despite this Court having heard these arguments previously and having already overruled them, Debtor through this Motion only re-alleges his previous arguments. None of the statements in the Debtor's Motion could be construed as a manifest error of law or fact, and to the extent Debtor's Motion raises additional or supplemental arguments, Creditor's response is those arguments should have been made at the hearing on the Debtor's Objection. Therefore, Debtor has failed to clearly meet his required burden to have the *Order Overruling Debtor's Objection to Proof of Claim # 8 filed by Bayview Loan Servicing, LLC* altered or amended.

8. The Debtor has clearly failed to establish the required grounds to have the dismissal order reconsidered/vacated, and therefore he has failed to meet his burden. The Motion should be denied.

Premises considered Creditor requests that the Court deny the Motion to Alter or Amend Judgment and for such other relief as is just.

Date: <u>September 21, 2020</u>     Respectfully submitted,

MACKIE WOLF ZIENTZ & MANN, P.C.
Parkway Office Center, Suite 900
14160 Dallas Parkway
Dallas, TX 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686
Email: swu@mwzmlaw.com

By: */s/ Stephen Wu*
Stephen Wu (Bar No. 24042396)

Michael W. Zientz (Bar No. 24003232)
Jessica L. Holt (Bar No. 24078680)
Stephen Wu (Bar No. 24042396)
Chelsea Schneider (Bar No. 24079820)

## Certificate of Service

       A copy of this statement was served on the persons listed below, in the manner listed below on September 21, 2020.

By: */s/ Stephen Wu*

Michael W. Zientz (Bar No. 24003232)
Jessica L. Holt (Bar No. 24078680)
Stephen Wu (Bar No. 24042396)
Chelsea Schneider (Bar No. 24079820)

Via Pre-Paid U.S. Mail:
**Ervin Frank Layer**
9814 Faircrest Dr
Dallas, TX 75238
Debtor(s)

Via ECF:
**Gregory W. Mitchell**
1412 Main Street
Suite 500
Dallas, TX 75202
Attorney for Debtor(s)

Via ECF:
**Carey D. Ebert**
P.O. Box 941166
Plano, TX 75094-1166
13 Trustee

Via ECF:
US Trustee