

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | CHAPTER 13 |
| **ERVIN FRANK LAYER** | § | |
| Debtor(s) | § | Case No. 19-41969 |

### ORDER DENYING DEBTOR'S MOTION TO ALTER OR AMEND JUDGMENT

On April 20, 2020, Ervin Frank Layer (the **"Debtor"**) objected to the proof of claim filed by Bayview Loan Servicing, LLC ("**Bayview**") in the total amount of $117,277.66, which included a pre-petition arrearage of $23,476.76. The Debtor's objection focused on how Bayview had calculated its prepetition arrearage. Bayview responded to the objection, and the Court conducted an evidentiary hearing on August 4, 2020.

At the August 4th hearing, the Debtor presented as evidence Bayview's proof of claim and the docket sheet from prior bankruptcy filed by the Debtor. Bayview presented as evidence the testimony of Leslie Cordall, the affidavit of Karen Marxy, the loan history, and the escrow analysis supporting Bayview's calculation of its pre-petition arrearage. The Court, after considering the testimony, the documentary evidence, and the argument of counsel, entered an order on August 31, 2020, overruling the Debtor's objection to Bayview's claim.

On August 31, 2010, the Debtor filed a motion to alter or amend the August 31st order pursuant to Federal Rule of Bankruptcy Procedure 9023, which adopts and applies Federal Rule of Civil Procedure 59 to this case. The Debtor argued that this Court erred as a matter of fact in overruling the Debtor's objection to Bayview's calculation of the escrow deficiency included in its claim: "The Court erred in allowing the 'Escrow Deficiency for funds advanced' in the amount of $6,349.87 because that number includes $3,325.84 in undisclosed costs." The Debtor also argued that the Court should not have treated the claim as *prima facie* valid because he had objected to Bayview's inclusion of $2,697.00 in pre-petition attorneys' fees in its arrearage:

1

"Because the claim has not achieved *prima facie* status, Bayview had the burden of proving that the attorneys' fees included in the claim were reasonable and necessary"

Bayview opposed the Debtor's motion to alter or amend. The Court conducted a hearing on October 7, 2020. At the conclusion of the hearing, the Court denied the Debtor's motion for the following reasons as well as those stated on the record.

Bayview timely filed a proof of claim in compliance with Bankruptcy Rule 3001, which sets out the requisite components of a proof of claim. "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANK. P. 3001(f). To sustain an objection to a claim, a debtor must present sufficient evidence to overcome the claim's *prima facie* validity. If the debtor produces such evidence, then the burden shifts to the claimant to establish the validity of its claim by a preponderance of the evidence. *See In re O'Connor,* 153 F.3d 258, 260 (5th Cir. 1998). The claimant has the ultimate burden of proof. *In Re Fidelity Holding Co., Ltd.,* 837 F.2d 696, 698 (5th Cir. 1988).

Here, the Debtor presented legal arguments at the evidentiary hearing on August 4, 2020. He did not present evidence sufficient to overcome *prima facie* validity of Bayview's claim. Even if he had, Bayview submitted ample evidence supporting its calculation of its pre-petition arrearage, including the "escrow deficiency for funds advanced" in the amount of $6,349.87 and the prepetition attorneys' fees in the amount of $2,697.00. Accordingly, having reviewed the Debtor's motion, Bayview's response, as well as the argument of counsel at the hearing on October 7th,

**IT IS ORDERED** that the Debtor's Motion to Alter or Amend Judgment is **DENIED**.

Signed on 10/14/2020

_Brenda T. Rhoades_ SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE